# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TIMOTHY L. HOELLER,**

    **Plaintiff,**

  v.                                                                                                  Case No. 15-CV-1023

**BMO HARRIS BANK, N.A. and DONNA M. WIOREK,**

    **Defendants.**

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION
## TO PROCEED *IN FORMA PAUPERIS*

On September 2, 2015, I dismissed Timothy L. Hoeller's action against BMO Harris Bank, N.A. with prejudice and found the court lacked jurisdiction over Hoeller's claims as to Donna M. Wiorek and dismissed those claims without prejudice. Judgment was entered the same day. Hoeller subsequently appealed. At the time judgment was entered, Hoeller had consented to having his case proceed before a U.S. Magistrate Judge. However, the final judgment was entered before either defendants had the opportunity to consent. The Seventh Circuit, based on *Coleman v. Labor and Industry Review Commission*, No. 15-3254, slip op. (7th Cir. June 16, 2017), vacated the judgment and remanded the case for further proceedings.

Thus, based on the court's decision in *Coleman*, I now issue a report and recommendation recommending that Hoeller's claims against BMO Harris Bank, N.A. be dismissed with prejudice and recommending that Hoeller's claims against Wiorek be dismissed without prejudice.

On August 24, 2015, *pro se* plaintiff Timothy L. Hoeller filed a complaint against BMO Harris Bank, N.A. and Donna M. Wiorek. (Docket # 1.) Hoeller also filed a motion to proceed *in forma pauperis*. (Docket # 2.)

The federal *in forma pauperis* statue, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to federal courts while preventing the filing of frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To grant leave for a litigant to proceed *in forma pauperis*, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs associated with his action. 28 U.S.C. § 1915(e)(2)(A). Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A frivolous action "lacks an arguable basis either in law or in fact," and contains allegations that are "fanciful" or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32, 33 (1992). However, a court may not dismiss the *in forma pauperis* complaint simply because the litigant's allegations are unlikely. *Id*. at 33. Additionally, the court's initial assessment of the litigant's factual allegations must be weighted in favor of the litigant. *Id*. To avoid dismissal for failure to state a claim, an *in forma pauperis* complaint will be reviewed under the same standards established by Federal Rule of Civil Procedure 12(b)(6) for dismissals. *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). A court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id*. at 612. Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Sufficient facts, accepted as true, must be presented to state a claim to relief "that is plausible on its face." *Id*. at 678. Pleadings of a *pro se* plaintiff must be construed liberally in favor of the plaintiff and are held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

I will begin with the second inquiry: whether Hoeller's complaint states a claim. As Hoeller notes, he previously filed a complaint against BMO Harris Bank in this district that was dismissed with prejudice by Judge Adelman on April 30, 2015 in Case No. 15-CV-181. In that action, Hoeller alleged that BMO Harris Bank commenced foreclosure proceedings in Illinois state court on a piece of property Hoeller owned in Barrington, Illinois and that BMO Harris Bank was negligent in failing to collect his mortgage payments directly from the Social Security Administration, changed the terms of his loan, and improperly reported the status of his loan to credit reporting agencies. (Case. No. 15-CV-181, Docket # 23 at 3.) In the action before this Court, it appears that Hoeller is alleging that BMO Harris Bank never informed the court in the Illinois foreclosure action that the Barrington property was being rented. (Docket # 1 at 1.)

Hoeller further alleges that Wiorek, his ex-wife, wrongfully caused the foreclosure action by interfering with his ability to refinance the property. (*Id.* at 2.) Hoeller further alleges that Wiorek concealed or falsified information and failed to respond to court orders stemming from their divorce. (*Id.*)

Hoeller continues to allege improper conduct by BMO Harris Bank stemming from his Illinois foreclosure action. In Case No. 15-CV-181, Judge Adelman dismissed Hoeller's claims against BMO Harris Bank with prejudice because Hoeller had "filed two pro se complaints against the bank, and both have been dismissed for failure to state a claim." (Case. No. 15-CV-181, Docket # 23 at 5-6.) Judge Adelman noted that the Northern District of Illinois appointed him counsel and "[e]ven with the assistance of counsel, Hoeller could not file a viable complaint." (*Id.* at 6.) Judge Adelman found that "[g]ranting Hoeller yet another opportunity to amend would be futile and would impose an undue burden on both the defendant and the court" and thus found that "it is time to

dismiss Hoeller's claims against BMO Harris Bank with prejudice." (*Id.* at 5-6.) Dismissal of a claim with prejudice means that Hoeller cannot continue to raise these claims against BMO Harris Bank in new lawsuits. Thus, I recommend that Hoeller's claims against BMO Harris Bank be dismissed, with prejudice.

As to Hoeller's claims against Wiorek, he has not properly alleged jurisdiction. Unlike state courts which are courts of general jurisdiction, federal district courts are courts of limited jurisdiction. *See International Union of Operating Engineers*, Local 150, AFL-CIO v. Ward, 563 F.3d 276, 280 (7th Cir. 2009). They may entertain cases only where jurisdiction is authorized by the Constitution or by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir.1997). Thus, the federal courts are "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prod. Co.*, 211 F.3d 445, 447-48 (7th Cir.2000) (quotation and internal marks omitted). "The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged." *Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986).

The court's jurisdiction may be invoked under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." It may also be invoked under 28 U.S.C. § 1332, which establishes the court's jurisdiction in matters of diversity jurisdiction. In order for diversity jurisdiction to lie with the federal courts, two requirements must be met: (1) there must be complete diversity of citizenship between all plaintiffs and all defendants; and (2) "the proper amount in controversy" (currently $75,000) must be sufficiently alleged. *See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977 (7th Cir. 2000).

- 4 -

While it appears that Hoeller is a citizen of Wisconsin and Wiorek is a citizen of Illinois, Hoeller fails to properly allege the amount in controversy in his complaint. Furthermore, even liberally construing the allegations in his complaint, Hoeller has not alleged an arguable claim against Wiorek which arises under the federal statutes or the Constitution. Therefore, this Court lacks subject matter jurisdiction over Hoeller's claims against Wiorek and I recommend that the claims be dismissed without prejudice. Because Hoeller's claims against both defendants are dismissed, I recommend that Hoeller's motion to proceed *in forma pauperis* be denied.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the plaintiff's claims against BMO Harris Bank, N.A. be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the plaintiff's claims against Donna Wiorek be **DISMISSED WITHOUT PREJUDICE**.

**IT IS ALSO RECOMMENDED** that Hoeller's motion to proceed *in forma pauperis* be **DENIED**.

**IT IS ORDERED** that the clerk's office randomly reassign this case to a district court judge for a decision on the report and recommendation.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no

response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 3rd day of August, 2017.

BY THE COURT

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge