UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY L. HOELLER,

        Plaintiff,

v.

BMO HARRIS BANK, N.A. and
DONNA M. WIOREK,

        Defendants.

Case No. 15-cv-1023-pp

---

**ORDER ADOPTING MAGISTRATE JUDGE JOSEPH'S RECOMMENDATION (DKT. NO. 71), DISMISSING THE PLAINTIFF'S CLAIMS AGAINST BMO HARRIS BANK, N.A. WITH PREJUDICE, DISMISSING PLAINTIFF'S CLAIMS AGAINST DONNA WIOREK WITHOUT PREJUDICE, DENYING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2), DENYING PLAINTIFF'S MOTION TO EXTEND TIME-FRAME OF CONTINUATION (DKT. NO. 73), AND DISMISSING CASE**

---

       In August 2015, the plaintiff filed a complaint against BMO Harris Bank, N.A. (at one time, his mortgage lender) and Donna Wiorek (his former spouse). Dkt. No. 1. Less than a month later, Magistrate Judge Nancy Joseph (to whom the case was assigned) issued an order dismissing the plaintiff's claims. Dkt. No. 6. The plaintiff asked Judge Joseph to reconsider her decision. Dkt. No. 21. She declined. Dkt. No. 22. The plaintiff appealed to the Seventh Circuit Court of Appeals. Dkt. No. 30.

       On July 31, 2017, the Seventh Circuit vacated Judge Joseph's order, and remanded the case to this court. Dkt. No. 68. The appellate court did not consider the substance of the plaintiff's claims. Rather, the Seventh Circuit remanded the case because, although the plaintiff had consented to have a

1

magistrate judge issue a final decision in the case, the defendants had not consented. (The defendants could not have consented; they had not yet been served with the summons and complaint). In support of vacating and remanding, the Seventh Circuit cited its decision in Coleman v. Labor and Industry Review Comm'n, 860 F.3d 461 (7th Cir., June 16, 2017). In Coleman, the Seventh Circuit held that a magistrate judge could not enter a final order—such as an order dismissing a case—unless both sides had consented. Id. at 473. So—the Seventh Circuit remanded the plaintiff's case, not because Judge Joseph's decision was incorrect, but because under Coleman, she did not have the authority to enter the order without having the defendants' consent.

At the end of the Coleman decision, the Seventh Circuit said that a magistrate *could* screen complaints before defendants had consented, and could issue proposed findings of fact and conclusions of law for the district court to review. Id. at 475. That is what Judge Joseph did—after the Seventh Circuit remanded the case, Judge Joseph issued a report and recommendation, recommending that this court dismiss the plaintiff's claim against BMO Harris with prejudice and deny his claim against his former spouse without prejudice. Dkt. No. 71. Judge Joseph explains, in detail, the bases for these recommendations, and this court has reviewed her thorough report.

Judge Joseph began with the plaintiff's motion to proceed without prepaying the filing fee. Id. at 2. She explained that before a court can allow someone to proceed without prepaying the filing fee, the court must determine whether the person is able to pay the fee, and whether the person's case is

2

frivolous, or fails to state a claim. Id., citing 28 U.S.C. §1914(e)(2). She analyzed the second question first—whether the plaintiff's claim was frivolous, or failed to state a claim upon which a federal court could grant relief.

Judge Joseph began her analysis by noting that the plaintiff has filed more than one case in the Eastern District of Wisconsin. Id. at 3. In fact, a review of the court's electronic case filing system shows that since 1997, the plaintiff has filed ten (10) cases in this district; he filed eight of those cases over the past three and a half years. In four of those most recent cases, he sued the Social Security Administration. In two, he sued the Village of Barrington, Illinois. In this one, he sues BMO Harris and his former wife; he named BMO Harris as a defendant in some of the earlier cases, too. He also has filed lawsuits against some of these same parties in the Northern District of Illinois, and in the state courts of Wisconsin. See Hoeller v. Social Security Admin., *et al.*, Case No. 15-cv-181-LA at Dkt. No. 23 (E.D. Wis.).

The plaintiff's previous legal filings are relevant to Judge Joseph's recommendation. Judge Lynn Adelman presided over one of the plaintiff's earlier lawsuits, and noted that, while it is hard to tell from the plaintiff's pleadings what he believes the various defendants have done to him,

> his claims appear to arise out of a series of events that occurred between about 2008 and 2010. During that time, it seems that plaintiff was having trouble receiving his Social Security benefits. . . . [I]n 2010, an administrative law judge determined that Hoeller was incapable of managing his own funds and appointed Hoeller's mother as his representative payee. . . . This situation lasted until September 2014, when SSA determined that Hoeller could once again manage his own funds.

3

> During the same time period, it seems that Hoeller stopped making payments on either a primary mortgage for a home he owned in Barrington, Illinois, or a home-equity line of credit that was secured by the Barrington property. In 2009, BMO Harris Bank commenced foreclosure proceedings in Illinois state court and eventually foreclosed on the Barrington property. Hoeller seems to contend that his inability to make payments on his mortgage or home-equity line of credit was tied to his inability to get his Social Security benefits. He alleges that he told BMO Harris Bank to collect his mortgage payments directly from the Social Security Administration, and he seems to contend that the bank was "negligent" in doing so. . . . Finally, Hoeller seems to allege that BMO Harris Bank is improperly reporting the status of his loan to credit reporting agencies, and that the bank is liable under the Fair Credit Reporting Act ("FCRA").

Id. at 2-3.

Based on the facts he gathered, Judge Adelman was not able to identify a valid claim against BMO Harris Bank. Id. at 4. Judge Adelman came to the conclusion that

> it is time to dismiss Hoeller's claims against BMO Harris Bank with prejudice. Hoeller has filed two pro se complaints against the bank, and both have been dismissed for failure to state a claim. Even with the assistance of counsel [appointed in one of the Northern District of Illinois cases], Hoeller could not file a viable complaint.

Id. at 5-6.

Judge Joseph found that, in this case, the plaintiff alleged that BMO Harris never mentioned that the foreclosed property was being rented at the time of the foreclosure. Dkt. No. 71 at 3; see also Dkt. No. 1 at 1. She concluded—correctly, in this court's view—that this lawsuit against BMO Harris is a continuation of the plaintiff's efforts to try to sue BMO Harris for

4

events surrounding the foreclosure, despite the fact that Judge Adelman dismissed that claim *with prejudice.* Dkt. No. 71 at 3-4. Dismissal *with prejudice* means that the plaintiff cannot bring the claims again in the future—he is barred from bringing claims relating to the foreclosure against BMO Harris. For this reason, Judge Joseph recommended that this court dismiss the plaintiff's claim against BMO Harris with prejudice. The court agrees, and will accept Judge Joseph's recommendation.

The complaint also alleges that the plaintiff's ex-wife, defendant Donna Wiorek, caused the foreclosure by interfering with his attempts to refinance. Dkt. No. 1 at 2. The plaintiff alleges that, as a result of Wiorek's "tortious" behavior, he wasn't able to benefit from the nascent Home Affordable Modification Program ("HAMP"). Id. at 2-3.

With regard to this claim against defendant Wiorek, Judge Joseph found that the plaintiff had not stated any basis for a federal court to exercise jurisdiction over his alleged tort claims. Dkt. No. 71 at 4. She explained that it did not appear that the plaintiff was suing Wiorek for any federal causes of action, and that while the two parties live in different states, the plaintiff had not alleged the required statutory amount in controversy. Id. at 4. Because Judge Joseph found that the federal court did not have jurisdiction to decide the plaintiff's claims against Wiorek, Judge Joseph recommended that this court dismiss those claims without prejudice. Id. Again, the court agrees with Judge Joseph, and will adopt her recommendation.

Because she found that the plaintiff had not stated any claims upon which the court could grant relief, Judge Joseph recommended that this court deny his request to proceed without prepaying the filing fee. The court agrees.

On August 18, 2017—two weeks after Judge Joseph issued her report and recommendation—the court received a document from the plaintiff entitled "Motion to Extend Time-Frame of Continuation." Dkt. No. 73. The plaintiff cites Seventh Circuit Rule 26 (a rule that does not apply in this court), and asks that his case be "put on hold until 30 days after a decision of the Second District Appellate Court about whether a decision can take place in Waukegan's Lake County courthouse." Id. at 2. As far as the court can tell, the plaintiff is continuing to litigate aspects of the foreclosure in state court in Illinois, and he wants this court to put his case on hold while he does that. The court will deny that request. Judge Adelman dismissed the plaintiff's claims against BMO Harris with prejudice, and this court is doing the same. This court is dismissing the plaintiff's claims against his former spouse without prejudice. There is no case to put "on hold."

The court **ADOPTS** Judge Joseph's August 3, 2017 recommendation in its entirety. Dkt. No. 71.

The court **ORDERS** that the plaintiff's claims against BMO Harris Bank, N.A. are **DISMISSED WITH PREJUDICE**.

The court **ORDERS** that the plaintiff's claims against Donna Wiorek are **DISMISSED WITHOUT PREJUDICE**.

The court **DENIES** the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES** the plaintiff's motion to extend time-frame of continuation. Dkt. No. 73.

The court **ORDERS** that this case is **DISMISSED**. The court will enter judgment to that effect.

Dated in Milwaukee, Wisconsin this 14th day of December, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**